## DURDEN *v.* DURDEN *et al.*

ATKINSON, J. 1. "A nonsuit is not granted merely because the court would not allow a verdict for plaintiff to stand. But if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted." Civil Code (1910), § 5942.

2. Under the pleadings in this case and the evidence for the plaintiff, the judge did not err in granting a nonsuit.

*Judgment affirmed.    All the Justices concur.*

No. 6052.   FEBRUARY 15, 1928.

Equitable petition.   Before Judge Camp.   Emanuel superior court.   April 12, 1927.

Mrs. Louvenia Durden instituted an equitable action to cancel a judgment against her as principal and her sureties on a bond, and to enjoin collection of a fi. fa. based on the judgment. The judgment was proceeding for the benefit of H. V. Durden as transferee, he having been one of the sureties on the bond. The following is a history of the judgment on the bond: John F. Durden and his two sons, L. E. Durden (husband of Mrs. Louvenia Durden) and A. O. Durden, owners of separate parcels of land, became indebted upon one note to the F. S. Royster Guano Co., and L. E. Durden became indebted separately to the company on another note. While so indebted L. E. Durden conveyed his land to his wife, and A. O. Durden conveyed his land to John F. Durden. After the last-mentioned conveyance John F. Durden conveyed the land so received to his nephew, H. V. Durden, Mrs. Louvenia Durden also conveyed to H. V. Durden the land she had obtained from L. E. Durden. Money that was paid to her for the land by H. V. Durden was deposited in a bank. The Royster Guano Company, having obtained judgments on the notes,

---

Trial, 38 Cyc. p. 1556, n. 10, 12.

instituted an equitable action against all the persons above named and other defendants, charging them with a conspiracy to fraudulently defeat collection of the debts, and seeking to impound in certain banks the money received in the several fraudulent conveyances. By interlocutory orders certain money deposited in bank in the name of Mrs. Louvenia Durden was impounded. In order to release the money she executed a bond signed by herself as principal, and by H. V. Durden and two others as security. On the trial the Royster Guano Company recovered judgment upon the bond against Mrs. Louvenia Durden as principal, and the sureties including H. V. Durden. That was the judgment Mrs. Durden sought to cancel in the suit now under consideration. The ground of relief alleged by her was, that the deed from John F. Durden to H. V. Durden was not a bona fide sale, but was made to defeat collection of the Royster Guano Company's debt and was void as against said company and petitioner; that H. V. Durden fraudulently concealed the fact that the deed was made to defeat payment of the debt, and petitioner did not know of the fraud until after the judgment; that H. V. Durden now holds the land without consideration, which is more than sufficient to pay the amount of the judgment on the bond, and is not now entitled in equity and good conscience to enforce that judgment. At the trial the plaintiff's evidence tended to show that the deed was made to delay the Royster Guano Company in the collection of its debt, but it also showed the facts (which were not alleged in the petition) that subsequently H. V. Durden purchased for full value each of the several tracts (the whole composing the former Durden plantation) as represented by the said several deeds, and paid the entire purchase-price to each of the grantors severally, including Mrs. Louvenia Durden. At the conclusion of plaintiff's evidence the judge awarded a nonsuit, and the plaintiff excepted.

*T. N. Brown,* for plaintiff.

*A. S. Bradley* and *Grayson C. Powell,* for defendants.